Submitted on record and briefs January 17, rules held valid October 30, 1991

William Nate CLARK
and Wallace Eric Nelson,
*Petitioners,*

*v.*

Dave SCHUMACHER,
and Fred Pearce,
*Respondents.*

(CA A64682)

820 P2d 3

William Nate Clark and Wallace Eric Nelson, Salem, filed the brief *pro se* for petitioners.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, Salem, filed the brief for respondents.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Petitioners challenge the validity of Department of Corrections rules effective October 7, 1988, OAR 291-131-006 to 291-131-041, entitled *Mail (Inmate).* ORS 183.400. They argue that the rules violate their rights under the First and Fourteenth Amendments in a number of particulars and that certain of the rules are otherwise unconstitutional under the state and federal constitutions.

Petitioners first argue that OAR 291-131-006(2) and (3) and OAR 291-131-016(2) infringe on their free speech rights. Those sections contain policy and purpose statements and a statement that inmates may not send or receive mail in violation of the rules. They contain no substantive prohibitions on the right to send or receive mail.

■ Petitioners also argue that several other provisions violate their First Amendment rights: OAR 291-131-011(3), defining inspection to include photocopying; OAR 291-131-016(4), subjecting incoming mail to inspection; and OAR 291-131-021(2), subjecting outgoing mail to inspection, except for legal mail and mail addressed to certain officials. Petitioners are concerned that prison officials will impermissibly invade inmate privacy and prevent inmates from exercising their constitutional rights by abusing the authority to inspect and photocopy correspondence. They assert that "unfettered intrusion" serves no legitimate governmental interest. *See Turner v. Safley,* 482 US 78, 89, 107 S Ct 2254, 96 L Ed 2d 64 (1987).

■ Prisoner mail is not absolutely protected from inspection. *Wolff v. McDonnell,* 418 US 539, 576, 94 S Ct 2963, 41 L Ed 2d 935 (1974). Inspection, including copying, tends to promote prison security by alerting officials to escape plans, by allowing them to intercept dangerous weapons and drugs, by helping control materials that may incite inmates to violence and by furthering other legitimate custodial interests. Petitioners' fears about the possibility of abuse are not cognizable in a review under ORS 183.400.

■ Petitioners also object to OAR 291-131-026(2), which provides that mail will not be forwarded to inmates who have been released, transferred or discharged. They argue that that somehow chills their First Amendment rights and

restricts their access to the courts. Petitioners have not demonstrated a constitutional right to have an institution forward mail. Inmates, like any citizens, can make forwarding arrangements with the United States Postal Service.

■ OAR 291-131-026(3)(c) prohibits receipt of third and fourth class mail and bulk mail, and petitioners argue that the prohibition is a form of impermissible censorship. However, they may arrange to have the same material sent by first or second class mail. The rule serves the legitimate purpose of reducing staff time required to sort and examine "junk mail" for contraband. Those interests also apply with respect to unsolicited mail. Therefore, the prohibition, though perhaps creating inconvenience, is not censorship. *Jones v. North Carolina Prisoners' Union,* 433 US 119, 130-131, 97 S Ct 2532, 53 L Ed 2d 629 (1977).

■ Petitioners assert that OAR 291-131-021(2) chills their First Amendment right to petition for redress of grievances. However, the rules do not prevent prisoners from writing to anyone; they simply provide that the correspondence may be inspected. Moreover, they permit privileged communication with attorneys and other authorities who have the greatest impact on inmates' welfare. OAR 291-131-031; OAR 291-131-011(5). The First Amendment does not guarantee prisoners an unlimited right to unrestricted communication. The restrictions imposed by these rules are reasonable.

Petitioners object to the definition of "confiscate" in OAR 291-131-011(1) on Fourteenth Amendment grounds. The definition does not authorize or forbid any action. Thus, it contains nothing to review.

■ Petitioners challenge OAR 291-131-041(1), which provides for a hearing for the sender and the addressee inmate if incoming mail is confiscated, because it does not provide a hearing for the intended recipient of outgoing mail. Inmate rights are adequately protected by the provision that they, and the authors of letters to them, may challenge the confiscation of incoming mail. *Procunier v. Martinez,* 416 US 396, 418, 94 S Ct 1800, 40 L Ed 2d 224 (1974), *overruled on other grounds, Thornburgh v. Abbott,* 490 US 401, 413-14, 109 S Ct 1874, 104 L Ed 2d 459 (1989).

■ Petitioners also seem to argue that they are entitled to a hearing whenever third class, fourth class or bulk mail is refused under OAR 291-131-026(3). *Procunier v. Martinez, supra,* recognizes the rights of prisoners and their correspondents to communication by mail as a liberty interest. The notice and hearing required by that opinion do not apply to non-individualized mail that does not involve communication by prisoners.

■ Petitioners' discussion of OAR 291-131-036 and OAR 291-131-037 reflects confusion about what the rules provide rather than a challenge to their substance. Under OAR 291-131-036, all prohibited mail is to be confiscated. Under OAR 291-131-037, "Disposition of Prohibited Mail," materials not permitted within the facility may be "confiscated or disposed of." Petitioners' concern seems to be that the language "or disposed of" permits the institution to dispose of mail without procedural safeguards, because hearings are provided only when material is confiscated. The rules do not define the word "disposed," but it must refer merely to the various means of disposal provided for elsewhere in the rules: OAR 291-131-021(1) (outgoing mail from unidentifiable inmate will be destroyed); OAR 291-131-026(1) (improperly addressed incoming mail will be returned to sender); OAR 291-131-026(2) (mail to inmate not in the receiving facility or other Department of Corrections facility will be returned to U.S. Postal Service); OAR 291-131-026(3) (unauthorized material will be returned to sender); OAR 291-131-037(1) (illegal contraband will be turned over to Oregon State Police); OAR 291-131-037(2) (contraband cash will be credited to Inmate Welfare Fund); and OAR 291-131-041(3) (if no party requests a hearing after confiscation, the item may be disposed of "at the discretion of the functional unit manager"). We do not read the rule to provide any additional authority to the department that might infringe on petitioners' rights.

■ Petitioners challenge as insufficient the provision that prison officials are to receive no less than 3 hours of instruction annually on proper interpretation and application of the mail rule. OAR 291-131-016(1). They base the challenge on language in *Landre v. Watson* (No. 82-302, March 22, 1983), a judgment of the United States District

Court for the District of Oregon that specifies that prison officials must receive instruction in interpretation of the rules. Petitioners do not explain why the training required by OAR 291-131-016(1) is insufficient under that case, and we conclude that it is sufficient.

■ Petitioners allege that the rules violate their constitutional right to access to the court in 3 ways. First, they allege that the definition of "legal mail" in OAR 291-131-011 is constitutionally deficient, because it limits those with whom inmates may have privileged communication. We have already addressed and rejected the argument that inmates have a right to unlimited privileged communication with every official or with any legal professional other than an attorney. The definition does not violate petitioners' right of access to the courts.

■ Second, petitioners challenge the definition of "package" in OAR 291-131-011(6), which provides that any parcel more than one-quarter inch thick is a package. They do not challenge OAR 291-131-026(2)(b), which requires prior authorization before an inmate can receive a package. Because many legal documents are more than one-quarter inch thick, petitioners argue, the rule impedes access to the courts. They do not explain how or why it has that effect, and the definition does not by itself violate a constitutional right.

■ Finally, petitioners assert that the rules do not address the issue of postage for indigent inmates. The absence of that provision is not a constitutional problem.

Rules held valid.