Argued and submitted May 9, decision of Court of Appeals and order of Board of
Parole and Post-Prison Supervision affirmed October 5, 2006

ROBBIE T. DAVIS,
*Petitioner on Review,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent on Review.*

(CA A120534; SC S52803)

144 P3d 931

Rebecca A. Duncan, Chief Deputy Public Defender,
Salem, argued the cause and filed the brief for petitioner on
review. With her on the brief were Peter A. Ozanne, Execu-
tive Director, and Peter Gartlan, Chief Defender, Legal Serv-
ices Division, Office of Public Defense Services.

Judy C. Lucas, Assistant Attorney General, Salem,
argued the cause and filed the brief for respondent on review.
With her on the brief were Hardy Myers, Attorney General,
and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Riggs,** Balmer, and Kistler, Justices.

KISTLER, J.

---

** Riggs, J., retired September 30, 2006, and did not participate in the decision of this case.

**KISTLER, J.**

ORS 144.228(1)(b) provides that the Board of Parole and Post-Prison Supervision (board) shall give a prisoner who has been sentenced as a dangerous offender a release date "if the condition [that] made the prisoner dangerous is absent or in remission."[1] In this case, the board did not set a release date for petitioner because it found by a preponderance of the evidence that the condition that made him dangerous was not absent or in remission. Petitioner argues that due process requires the board to set a release date unless it finds by clear and convincing evidence that the condition that made him dangerous is still present. The Court of Appeals held that due process requires only proof by a preponderance of the evidence and affirmed the board's order. *Davis v. Board of Parole*, 200 Or App 366, 373, 114 P3d 1138 (2005). We affirm the Court of Appeals decision but for a different reason.

In 1991, petitioner entered the home of an 87-year-old woman and raped her. A jury convicted petitioner of first-degree rape and first-degree burglary. On the rape conviction, the trial court sentenced petitioner as a dangerous offender, finding that he suffered "from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life and safety of others." *See* ORS 161.725(1) (stating conditions for dangerous offender sentences). The trial court imposed a 30-year sentence on the rape conviction and a consecutive six-month sentence on the burglary conviction.

In 2002, the board held a parole consideration hearing to decide whether to set a release date for petitioner. At that hearing, the board considered petitioner's testimony, a current psychological evaluation of petitioner, and the history of petitioner's behavior in prison. The board found by a preponderance of the evidence that the condition that made petitioner dangerous (a severe personality disorder) was not absent or in remission. The board did not set a release date

---

[1] Because petitioner committed his crimes in 1991, this opinion refers to the 1989 version of all the statutes cited in the opinion.

for petitioner but instead scheduled another parole consideration hearing for him.

After exhausting his administrative remedies, petitioner filed a petition for judicial review of the board's order in the Court of Appeals. Among other things, petitioner argued that due process required the board to apply a clear-and-convincing standard of proof. The board responded that the standard of proof that it had applied—proof by a preponderance of the evidence—was constitutionally sufficient. The Court of Appeals accepted the parties' invitation to reach the due process issue and held that proof by a preponderance of the evidence was all that due process required. *Davis*, 200 Or App at 373.

On review, petitioner reiterates his argument that the Due Process Clause requires the board to use a clear-and-convincing standard of proof. In analyzing petitioner's argument, we begin by briefly reviewing the procedures that the board generally follows in setting release dates and the different procedures that it follows in setting release dates for persons sentenced as dangerous offenders.[2] We then examine the state law premises underlying petitioner's constitutional claim. Finally, we explain why the statutes governing early release for persons sentenced as dangerous offenders do not present the federal constitutional issue that petitioner asks us to decide.

ORS 144.120 directs the board to set an initial release date for most prisoners admitted to the Department of Corrections. *See Engweiler v. Board of Parole*, 340 Or 361, 371, 133 P3d 910 (2006) (discussing initial release dates). Other statutes provide that, having set a release date, the board may postpone a scheduled release date if it finds, for example, that the prisoner has a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." ORS 144.125(3). Similarly, the board shall postpone a prisoner's scheduled release date if it

---

[2] As noted earlier, petitioner committed his crimes in 1991, and statutes in effect at that time govern our analysis here. In reviewing the board's procedures in setting release dates, we refer to statutory provisions that have remained substantially unchanged since 1991.

finds, after a hearing, that "the prisoner engaged in serious misconduct during confinement." ORS 144.125(2).

The legislature has provided a different procedure and different substantive rules for persons sentenced as dangerous offenders. When a person has been sentenced as a dangerous offender, ORS 144.228(1)(a) directs the board to set a parole consideration hearing, not an initial release date, for the prisoner. At the parole consideration hearing, the board decides whether to set an initial release date. ORS 144.228(1)(b). Only if the condition that made the prisoner dangerous is absent or in remission does the statute direct the board to set a release date. *Id.* If the condition is not absent or in remission, then the statute directs the board to review the prisoner's condition "at least once every two years until the condition is absent or in remission." *Id.*[3]

ORS 144.228(2) governs the way in which the board conducts parole consideration hearings for persons sentenced as dangerous offenders. It states that, "[f]or the parole consideration hearing, the board shall cause to be brought before it and consider all information regarding such person." ORS 144.228(2). It specifically provides that the information that the board "shall cause to be brought before it and consider" must include two reports: a recent psychiatric report on the prisoner and a Department of Corrections report setting out, among other things, the prisoner's conduct while confined, disciplinary record, participation in any programs offered by the prison, and the prisoner's attitude towards society, towards the sentencing judge, and towards other participants in the criminal justice system. ORS 144.228(2).

With that background in mind, we turn to the state law premises that underlie petitioner's federal constitutional claim. Petitioner asserts—and the board does not deny—that

---

[3] ORS 144.228(1)(b) provides:

"At the parole consideration hearing, the prisoner shall be given a release date in accordance with the applicable range and variation permitted if the condition [that] made the prisoner dangerous is absent or in remission. In the event that the dangerous condition is found to be present, reviews will be conducted at least once every two years until the condition is absent or in remission, at which time release on parole shall be ordered if the prisoner is otherwise eligible under the rules. In no event shall the prisoner be held beyond the maximum sentence less good time credits imposed by the court."

the board has the burden of persuasion to show that petitioner continues to suffer from the condition that made him dangerous. Starting from that premise, petitioner argues that due process requires the board to find by clear and convincing evidence that the condition that made him dangerous is still present. As we explain, one difficulty with petitioner's due process argument is that the state law premises that underlie it are both procedurally and substantively incorrect.

Procedurally, ORS 144.228(2) directs the board to "cause to be brought before it and consider" certain information. That subsection does not impose a burden of persuasion on the board. Rather, it identifies who is responsible for ensuring that certain evidence is before the board. It also directs the board to "consider" that evidence. As the use of the verb "consider" makes clear, the task that the legislature has assigned to the board is to decide whether the evidence before it satisfies the substantive standard that ORS 144.228(1)(b) states. ORS 144.228(2) does not make the board a party to the agency proceeding or place any burden of persuasion on it.

Petitioner's argument suffers from a related but separate problem: It misperceives the substantive standard that ORS 144.228(1)(b) directs the board to find. ORS 144.228(1)(b) does not provide that the board must set a release date for a prisoner unless it finds that the prisoner still suffers from the condition that made him or her dangerous, as petitioner argues. Rather, ORS 144.228(1)(b) provides that the board may not set a release date for a prisoner unless the board finds that the condition that made the prisoner dangerous is absent or in remission. Under the terms of that statute, if the board is not persuaded that the condition that made the prisoner dangerous is absent or in remission, then the board may not set a release date and the prisoner must continue to serve the dangerous offender sentence that the trial court imposed. As a practical matter, the risk of nonpersuasion falls on the prisoner.

Our examination of the state law premises underlying petitioner's constitutional claim reveals why this case does not require us to reach the due process issue that petitioner urges us to decide—*viz.*, whether due process requires

the board to find the facts by clear and convincing evidence. Petitioner has no interest in having the board use a clear-and-convincing standard of proof (rather than proof by a preponderance of the evidence) to determine whether the condition that made him dangerous is absent or in remission. Using a clear-and-convincing standard of proof to decide that issue would only decrease the likelihood that the board would make the factual finding that is a prerequisite to setting a release date under ORS 144.228(1)(b).[4]

The board, for its part, has evinced no interest in applying a higher standard of proof than proof by a preponderance of the evidence. In this case, the board applied a preponderance-of-the-evidence standard of proof in determining whether to set a release date for petitioner and has argued that no higher standard of proof is required. If neither the board nor petitioner has any interest in having the board apply a clear-and-convincing standard of proof, then this case does not require us to decide whether due process requires that standard of proof. *See State v. Kennedy*, 295 Or 260, 264-65, 666 P2d 1316 (1983) (counseling against reaching federal constitutional issues unnecessarily).[5] It follows that the board did not err in using a preponderance-of-the-evidence standard and that the Court of Appeals was correct in affirming the board's order, albeit for different reasons from those on which the court relied.

The decision of the Court of Appeals and the order of the Board of Parole and Post-Prison Supervision are affirmed.

---

[4] To illustrate, suppose that the board was convinced by a preponderance of the evidence (but not by clear and convincing evidence) that the condition that made petitioner dangerous was absent or in remission. If the board were to use a clear-and-convincing standard of proof, as petitioner asks it to do, it would not set a release date for petitioner under the terms of ORS 144.228(1)(b).

[5] It may be that other decisions that the board makes regarding different types of sentences will present the federal constitutional question that petitioner asks us to decide. The sentence at issue in this case does not do so, however.