Submitted on record and briefs November 3, 2006, *former* OAR 291-100-110 (Sept 20, 1993) held valid January 3, petition for review denied March 27, 2007 (342 Or 523)

# KENNETH SAMMY ESTES,
*Petitioner,*

*v.*

# DEPARTMENT OF CORRECTIONS,
*Respondent.*

## A129851

150 P3d 1088

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Linder, Judge pro tempore.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner challenges the validity of *former* OAR 291-100-110 (Sept 20, 1993), an administrative rule promulgated by the Oregon Department of Corrections (DOC). *See* ORS 183.400 (providing for Court of Appeals' determination of the validity of administrative rules). He asserts that the rule violates his right to due process under the Fourteenth Amendment to the United States Constitution and that it "authorizes [the] Department of Corrections to act as a Judicial Branch."[1] We limit our review to "the face of the rule and the law pertinent to it." *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992). We may declare the rule invalid only if we conclude that the rule violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with applicable rulemaking procedures. ORS 183.400(4). Applying those standards, we reject petitioner's challenges.

*Former* OAR 291-100-110 (Sept 20, 1993) was adopted by DOC to allow it to compute the term of an inmate sentenced pursuant to ORS 137.635, a provision that (1) requires the trial court to impose a determinate sentence and (2) makes the convicted defendant ineligible for probation, parole, earned time, or temporary leave.[2] A trial court is required to impose a sentence under ORS 137.635 when a defendant is convicted of any of the felonies listed in the statute, if the defendant also has a prior conviction for one of the enumerated felonies. Although the statute currently includes a requirement that the trial court note in the judgment whether the sentence was being imposed pursuant to the statute, that requirement was added after petitioner's conviction and after promulgation of the rule he challenges.

---

[1] To the extent that petitioner's brief can be read to raise other arguments, we reject them without discussion.

[2] Under the sentencing guidelines, which became effective in 1989, all sentences became determinate. Accordingly, when ORS 137.635 became effective in 1990, it remained for DOC (before enactment of the current requirement that the trial court indicate the applicability of ORS 137.635) to determine as a matter of law whether the convicted defendant was eligible for probation, parole, earned time, or temporary leave.

The challenged rule generally repeats the requirements of ORS 137.635 and sets out a procedure for DOC to determine—by examining records of prior convictions—whether an inmate was sentenced under ORS 137.635. As noted, petitioner challenges the rule on the ground that it does not provide for a hearing and that it allows DOC to "act as a Judicial Branch," thereby violating separation-of-powers principles. We begin with petitioner's due process argument.

■ The challenged rule does not, on its face, provide for a hearing as part of the process of determining whether an inmate was sentenced pursuant to ORS 137.635. But even assuming that an individual would have a due process right to a hearing regarding that determination, nothing in the rule prevents DOC from holding such a hearing. *Cf. MacPherson v. DAS*, 340 Or 117, 138-39, 130 P3d 308 (2006) (to prevail on facial due process challenge to statute, the plaintiffs were required to show that the statute "affirmatively permits the government to deprive plaintiffs of their property without affording procedural due process"). As stated above, this court "examines the challenged rules only to determine whether those rules on their face comply with applicable constitutional and statutory requirements. If the rules comply, then any further challenge to them must be made on an 'as applied' basis." *Oregon Newspaper Publishers v. Dept. of Corrections*, 329 Or 115, 118-19, 988 P2d 359 (1999). Here, if petitioner were to seek a hearing and it was denied, he could then challenge that application of the rule to him. The rule is not invalid on the ground that it does not provide for a hearing.

■ We also reject petitioner's argument that DOC is impermissibly performing a judicial function. As an initial matter, contrary to petitioner's apparent belief that the rule allows DOC to "put petitioner under ORS 137.635," the rule performs a different function: It provides a procedure under which DOC can determine whether the *trial court* sentenced an inmate under ORS 137.635, so that DOC can carry out the sentence imposed by the court. In any event, DOC does not impermissibly perform a judicial function by determining if an inmate is subject to ORS 137.635. Even if DOC in some sense "adjudicates" an inmate's status as subject to ORS

137.635, its determination does not offend separation-of-powers principles, because an inmate may challenge its determination through judicial review. *See Baxter v. Monmouth City Council*, 51 Or App 853, 856, 627 P2d 500, *rev den*, 291 Or 368 (1981) ("Delegation of adjudicatory powers to administrative agencies has been upheld in this state where judicial review is provided at some stage of the proceeding.").

*Former* OAR 291-100-110 (Sept 20, 1993) held valid.