Submitted on record and briefs September 7, 2007, rules held valid April 9, 2008

# ARLEN PORTER SMITH,
*Petitioner,*

*v.*

# DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A114180

182 P3d 250

Arlen Porter Smith filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ARMSTRONG, P. J.

### ARMSTRONG, P. J.

Pursuant to ORS 183.400,[1] petitioner, an inmate of a Department of Corrections (DOC) facility, challenges a number of rules in OAR chapter 219, division 131, that govern incoming and outgoing inmate mail.[2] He asserts that several rules violate Article I, section 10, of the Oregon Constitution and the federal Due Process Clause of the United States Constitution because they deprive inmates of a "meaningful opportunity to contest rejections, confiscations and censorship of incoming mail"; that certain rules that prohibit inmates from sending and receiving particular materials violate the "unnecessary rigor" clause in Article I, section 13, of the state constitution; and that the definition of "legal mail" in OAR 291-131-0005(13) unlawfully restricts the receipt by inmates of privileged correspondence. We uphold the validity of the challenged rules.

■ Our review under ORS 183.400 is limited in scope to "the face of the rule and the law pertinent to it." *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992). We may declare a rule invalid only if we conclude that the rule violates constitutional provisions, exceeds the agency's statutory authority, or was adopted without compliance with applicable rulemaking procedures. ORS 183.400(4); *Estes v. Dept. of Corrections*, 210 Or App 399, 401, 150 P3d 1088, *rev den*, 342 Or 523 (2007).

---

[1] ORS 183.400 provides, in part:

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures;

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

[2] All references to Oregon Administrative Rules refer to the versions that became effective on September 20, 2002.

■ In his first assignment of error, petitioner challenges OAR 291-131-0025(7) ("Incoming Mail"), multiple paragraphs within OAR 291-131-0037 ("Disposition of Prohibited Mail"), and OAR 291-131-0050(1)(c) ("Administrative Review"). Petitioner first argues that the challenged rules fail federal due process requirements because they do not provide notice or an opportunity for a hearing *before* a prison official disposes of an item of mail. DOC acknowledges that none of the challenged rules entitles an inmate or sender to predisposition notice or review of rejected, confiscated, or censored mail, but responds that the rules are nonetheless valid. We agree with DOC.

■ Due process does not require predisposition notice and review of a prison official's decision to confiscate, censor, or reject inmate mail. *See Procunier v. Martinez*, 416 US 396, 418-19, 94 S Ct 1800, 40 L Ed 2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 US 401, 413-14, 109 S Ct 1874, 104 L Ed 2d 459 (1989) (post-rejection notice and review satisfied due process when officials rejected an incoming letter to inmate). Moreover, the level of process due senders or recipients of inmate mail depends on the type of mail and the interest at stake. *See id.* at 408 n 11, 417 (a "decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards," but "[d]ifferent considerations may come into play in the case of mass mailings"); *Board of Regents v. Roth*, 408 US 564, 570-71, 92 S Ct 2701, 33 L Ed 2d 548 (1972) (whether due process requirements apply requires consideration of the nature of a protected interest). For example, in a challenge to similar OAR provisions, we explained that "[t]he notice and hearing required by [*Martinez*] do not apply to non-individualized mail that does not involve communication by prisoners." *Clark v. Schumacher*, 109 Or App 354, 358, 820 P2d 3 (1991). Likewise, other courts have recognized that the procedures that are required depend on the nature of the inmate mail and the corresponding interest at stake. *See, e.g., Prison Legal News v. Lehman*, 397 F3d 692, 700-01 (9th Cir 2005) (due process protections apply when nonprofit subscription mail withheld); *Prison Legal News v. Cook*, 238 F3d 1145, 1152-53 (9th Cir 2001) (same); *Smith v. Maschner*, 899 F2d

940, 944 (10th Cir 1990) (undelivered catalogs do not raise issues of "constitutional magnitude").

Nothing in *Martinez* suggests that due process requires notice or hearing *before* an official rejects, confiscates, or censors mail, and we are not aware of an authority that requires predisposition notice and opportunity for a hearing for such decisions. Petitioner relies on the judgment in *Landre v. Watson*, No 82-302 (D Or Mar 22, 1983), a class action case, to support his assertion that preliminary notice is required. In that judgment, the court declared, in part:

"1. The First and Fourteenth Amendments to the United States Constitution require that plaintiffs be given notice and a reasonable opportunity for a hearing when inmate mail is confiscated by defendants."

That judgment does not resolve the issue; it is consistent with *Martinez*, inasmuch as nothing in the *Landre* judgment requires prison officials to afford notice and a hearing *before* inmate mail is confiscated, rejected, or censored. Hence, the challenged provisions, on their face, do not violate the Due Process Clause for their lack of predisposition procedural safeguards.[3]

■■ Petitioner further asserts that failure to provide for predisposition notice and hearing renders the identified DOC rules facially invalid under Article I, section 10, of the Oregon Constitution.[4] Article I, section 10, is not a "due process" clause. *Davis v. Board of Parole*, 200 Or App 366, 369 n 3, 114 P3d 1138 (2005), *aff'd*, 341 Or 442, 144 P3d 931 (2006). Its principal function is to bar the legislature from eliminating common-law remedies that were available to redress injuries to "person, property, or reputation," without providing a "constitutionally adequate substitute remedy." *Jensen v. Whitlow*, 334 Or 412, 417-18, 51 P3d 599 (2002). Here, to the

---

[3] Petitioner appears only to argue that the lack of predisposition notice and hearing renders the challenged rules invalid. We do not read petitioner's brief to properly contend or show that any of the DOC rules fail minimum due process requirements in other respects for the type of mail to which they apply. Thus, we do not address whether the challenged rules, notwithstanding the lack of predisposition safeguards, violate the Due Process Clause.

[4] That section provides, in relevant part, that "every man shall have remedy by due course of law for injury done him in his person, property or reputation."

extent that the protections of Article I, section 10, extend to petitioner in this context, the challenged rules do not violate the provision. On their face, the challenged rules merely outline administrative procedures governing disposition of inmate mail; they do not limit or eliminate any common-law remedy that might be available to inmates for any deprivation of their rights. Hence, the rules do not offend Article I, section 10.

■■  In his second assignment of error, petitioner asserts that various provisions in OAR 291-131-0015 and OAR 291-131-0035 violate the guarantee in Article I, section 13, against treatment with "unnecessary rigor" because there is "no evidence in the agency record that respondent enacted these rules in response to any real or perceived threat to institutional security, discipline, or good order." Specifically, petitioner challenges the following rules and their prohibitions on mail content: OAR 291-131-0035(1) and (2)(k) (sexually explicit mail lacking scholarly, social, or literary value and mail containing fantasy and role-playing games); OAR 291-131-0015(3) (communications with victims without prior approval); OAR 291-131-0035(3) and OAR 291-131-0015(4) (credit or deferred billing for subscriptions or merchandise, unapproved business transactions); OAR 291-131-0020(5) (inmate-to-inmate exchange of clippings or packages); and OAR 291-131-0035(5)(b)(H) (unauthorized substances such as "lipstick, crayon, water colors, paint, correction fluid, etc.").

To the extent that petitioner bases his argument on the absence of "evidence in the agency record," he fails to state a cognizable claim for review under ORS 183.400. The Administrative Procedures Act does not require state agencies to create an evidentiary record to support the adoption of rules. ORS 183.335(13). Correspondingly, in assessing the validity of a rule, we may consider only the rule itself, the statutory provisions authorizing the rule, and copies of documents necessary to ascertain compliance with rulemaking procedures. ORS 183.400(3); *Wolf v. Oregon Lottery Commission*, 344 Or 345, 355, 182 P3d 180 (2008). Whether a rule is supported by evidence is outside the scope of review under ORS 183.400. *See AFSCME*, 315 Or at 79 (observing that the only factual issues that can be resolved in an ORS

183.400(1) proceeding are those pertaining to rulemaking procedures).

■ Further, even if we were to read petitioner's argument to state a cognizable ORS 183.400 claim, the challenged rules cannot be said on their face to subject prisoners to unnecessary rigor. Article I, section 13, guarantees that "[n]o person arrested, or confined in jail, shall be treated with unnecessary rigor." To establish that a particular practice offends Article I, section 13, an inmate must show that the practice "would be recognized as an abuse to the extent that it cannot be justified by necessity." *Sterling v. Cupp*, 290 Or 611, 620, 625 P2d 123 (1981). Practices such as non-emergency bodily searches conducted by opposite-sex guards, *id.* at 632, and "ongoing and periodical assaults," *Schafer v. Maass*, 122 Or App 518, 522, 858 P2d 474 (1993), have been held to be unconstitutional under that standard.

Here, unlike assaults or overly intrusive bodily searches, the restrictions that petitioner challenges cannot be said on their face to subject inmates to unnecessary rigor. Several of the restrictions—such as those limiting sexually explicit materials, banning fantasy and role-playing games, and restricting inmate-to-inmate correspondence—have been routinely upheld as rationally related to legitimate penological goals. *See Turner v. Safley*, 482 US 78, 91, 107 S Ct 2254, 96 L Ed 2d 64 (1987) (ban on inmate-to-inmate correspondence rationally related to legitimate interest in security); *Bahrampour v. Lampert*, 356 F3d 969, 975-76 (9th Cir 2004) (holding OAR 291-131-0035(1) and (2)(k) valid); *Mauro v. Arpaio*, 188 F3d 1054, 1063 (9th Cir 1999) (upholding ban on sexually explicit material in prison system). To the extent that the restrictions can be challenged under Article I, section 13, such a challenge would require the creation of an evidentiary record by which to establish that the challenged restrictions are unnecessarily rigorous. That is not a challenge that can be brought under ORS 183.400.

Petitioner also asserts that the prohibition on sexually explicit materials violates "what is required under both Article I, section 8[,] of the Oregon Constitution and the First Amendment" to the United States Constitution. However, petitioner fails to make a reasoned argument in support of

those assertions. Thus, we decline to review those challenges. *See, e.g., State v. McNeely*, 330 Or 457, 468, 8 P3d 212, *cert den*, 531 US 1055 (2000) (declining to address constitutional claims asserted but not developed).

In his third assignment of error, petitioner asserts that DOC's definition of "legal mail" in OAR 291-131-0005(13) unlawfully restricts the receipt by inmates of privileged confidential correspondence. Petitioner does not explain how the challenged definition offends any particular constitutional provision or exceeds DOC's statutory authority. *See* ORS 183.400(4)(a), (b) (identifying the issues that may be reviewed in a proceeding pursuant to ORS 183.400). Hence, petitioner fails to state a cognizable claim for judicial review under ORS 183.400.

Rules held valid.