Submitted September 6, OAR 291-131-0035(1)(a)(D) and OAR 291-131-0025(11)(b)(D) held valid October 23, 2013

STEVEN CLYDE DeARMITT,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
by and through Colette Peters, Director,
*Respondent.*

Department of Corrections
A149712

312 P3d 616

Steven DeArmitt filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Johansen, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Petitioner brings this rule challenge under ORS 183.400, arguing that two Oregon Department of Corrections (DOC) rules, OAR 291-131-0035(1)(a)(D) and OAR 291-131-0025(11)(b)(D), violate the First Amendment to the United States Constitution. Those challenged rules prohibit inmates from receiving by mail any magazine clippings, tear-outs, photocopies, printed web pages, drawings, photographs, and other media depicting nude or partially nude subjects— what the rules describe as "freestanding" nudes. Petitioner complains that the rules, which were ostensibly aimed at curbing bartering of those images among inmates, "are not actually related to any legitimate penological interest and are [an] exaggerated response." (Underscoring omitted.) He further argues that, as demonstrated in the rulemaking record, there were less restrictive means by which to further the purported goal, such as requiring inmates to write their identification numbers on each page of mail upon receipt.

As DOC correctly observes, petitioner cannot prevail on that type of challenge in a proceeding under ORS 183.400. As we explained in *Smith v. Dept. of Corrections*, 219 Or App 192, 194, 182 P3d 250 (2008), *rev den*, 345 Or 690, *cert den*, 557 US 923 (2009), we do not review rules under ORS 183.400 to determine whether they find adequate support in the rulemaking record; rather, our review under ORS 183.400 "is limited in scope to 'the face of the rule and the law pertinent to it.'" (Citation omitted.) In *Smith*, the petitioner challenged the constitutionality of certain DOC rules that, like the rules at issue here, imposed prohibitions on mail content.[1] He contended that "various provisions in OAR 291-131-0015 and OAR 291-131-0035 violate the guarantee in Article I, section 13, against treatment with 'unnecessary rigor' because there is 'no evidence in the agency record that

---

[1] Specifically, the petitioner in *Smith* challenged OAR 291-131-0035(1) and (2)(k) (sexually explicit mail lacking scholarly, social, or literary value and mail containing fantasy and role-playing games); OAR 291-131-0015(3) (communications with victims without prior approval); OAR 291-131-0035(3) and OAR 291-131-0015(4) (credit or deferred billing for subscriptions or merchandise, unapproved business transactions); OAR 291-131-0020(5) (inmate-to-inmate exchange of clippings or packages); OAR 291-131-0035(5)(b)(H) (unauthorized substances such as "lipstick, crayon, water colors, paint, correction fluid, etc."). *Smith*, 219 Or App at 197.

respondent enacted these rules in response to any real or perceived threat to institutional security, discipline, or good order.'" *Smith,* 219 Or App at 197. We explained that ORS 183.400 was not the proper vehicle for that challenge:

> "To the extent that petitioner bases his argument on the absence of 'evidence in the agency record,' he fails to state a cognizable claim for review under ORS 183.400. The Administrative Procedures Act does not require state agencies to create an evidentiary record to support the adoption of rules. ORS 183.335(13). Correspondingly, in assessing the validity of a rule, we may consider only the rule itself, the statutory provisions authorizing the rule, and copies of documents necessary to ascertain compliance with rulemaking procedures. ORS 183.400(3); *Wolf v. Oregon Lottery Commission,* 344 Or 345, 355, 182 P3d 180 (2008). Whether a rule is supported by evidence is outside the scope of review under ORS 183.400. *See AFSCME [Local 2623 v. Dept. of Corrections],* 315 Or [74, 79, 843 P2d 409 (1992)] (observing that the only factual issues that can be resolved in an ORS 183.400(1) proceeding are those pertaining to rulemaking procedures)."

219 Or App at 197-98.

In this case, petitioner concedes that his arguments require us to look beyond the face of the rules in question, arguing that, "[w]ithout evidence to determine the constitutional validity of the amendments, it would not be possible to determine if the amendments are constitutional and therefore valid." For that reason, petitioner contends that ORS 183.400 must be interpreted in a way that allows us to examine the rulemaking record and other evidence; "[t]o hold otherwise," he argues, "would be to render the constitutional challenge allowed by ORS 183.400(4)(a) entirely worthless."

Whatever the merits of petitioner's contention, it has been squarely rejected by the Supreme Court. *See Wolf,* 344 Or at 355 ("Indeed, an inquiry into the thinking processes of administrators and agency heads who were performing their quasi-legislative function as rulemakers is impermissible, given the limited scope of the issues under ORS 183.400(3)."). In light of the limited scope of our review

under ORS 183.400, we reject petitioner's challenges to OAR 291-131-0035(1)(a)(D) and OAR 291-131-0025(11)(b)(D).

OAR 291-131-0035(1)(a)(D) and OAR 291-131-0025(11)(b)(D) held valid.