Submitted April 4, OAR 291-105-0069 and OAR 291-158-0065 held valid December 31, 2014, petition for review denied May 14, 2015 (357 Or 299)

ROGER D. HALL,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A154122

341 P3d 852

Roger D. Hall filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Petitioner seeks judicial review of two administrative rules of the Department of Corrections (DOC) pursuant to ORS 183.400. Petitioner argues that OAR 291-105-0069 and OAR 291-158-0065, which together allow the DOC to impose restitution as a sanction for breaching DOC rules and to withdraw money from an inmate's trust account to pay that restitution, violate various constitutional provisions and extend beyond DOC's statutory authority. As explained below, we hold that the rules are valid.

DOC imposes disciplinary sanctions for various types of misconduct, including "major violations" and "minor violations." OAR 291-105-0066(5) (referencing two "inmate disciplinary grids" that outline available sanctions for violations). Several other rules describe various requirements for imposing inmate discipline, including the inmate's right to a hearing. OAR 291-105-0056; *see generally* OAR 291-105-0021 - 291-105-0100. The first challenged rule, OAR 291-105-0069, authorizes a hearing officer to impose "restitution" as an "additional sanction[]" for a "major violation[]" of DOC rules.[1] The second challenged rule, OAR 291-158-0065, authorizes DOC to apply a percentage of funds in an inmate's trust account to the inmate's indebtedness, which includes the obligation to pay restitution.[2]

---

[1] OAR 291-105-0069(1)(a) provides:

"The additional sanctions available to the hearings officer for major violations are:

"(a) Restitution or Reimbursement: Inmates shall be responsible for making full restitution for any damage or loss of property. In addition, inmates shall be financially responsible for all costs associated with or resulting from the violation. These shall include the costs of any drug urinalysis testing. There is no limit on the amount of restitution or reimbursement which can be imposed for a major sanction. There must always be a factual basis in the record to support the restitution or reimbursement amount and that amount must be reasonable."

[2] OAR 291-158-0065 provides, in pertinent part:

"(1) An inmate who is indebted to the Department of Corrections for whatever reason shall be permitted to spend on commissary during the calendar month one half of the first $60 (up to $30) of funds that have been received and posted for that inmate during the calendar month.

"(a) The remainder of the funds received by the inmate during the calendar month shall be applied to the inmate's debt until such indebtedness is satisfied, in accordance with the procedures provided in these rules.

We start with petitioner's argument that the rules "[v]iolate[] constitutional provisions." ORS 183.400(4)(a). Petitioner's principal claim is that the challenged rules violate "Oregon Constitution Article I Section 10 Due Process of Law."[3] Petitioner argues that the rules unconstitutionally permitted DOC to "garnish" funds from his inmate trust account to make restitution payments resulting from his violation of DOC rules. He points to criminal statutes related to court-ordered restitution and garnishment proceedings, and states that the DOC ordered him to pay restitution and withdrew money from his trust account even though he was not criminally convicted or subject to garnishment proceedings in court. He asserts that

> "[t]he challenged rules specify the hearing officer can question witnesses, (Finding of Facts shows I had 50 witnesses who were never questioned.)[,] [and] he can review video evidence (Mine was erased before we ever had a hearing. Complex 1 had a camera in the Bubble.)[.] Administrative hearing officer never considered or tried to find out if this was a unilateral assault."

Referencing the specific amounts DOC has "garnished" from his trust account, petitioner also suggests that he was not provided the right "to be heard" before that "garnishment." DOC responds that petitioner's arguments are improper under ORS 183.400(4)(a) because he makes an "as applied" challenge, rather than a challenge to the rule on its face.

We agree with DOC. This court's review "'is limited to the face of the rule and the law pertinent to it.'" *WaterWatch v. Water Resources Commission*, 199 Or App 598, 605, 112 P3d 443 (2005) (quoting *AFSCME Local 2623 v. Dept. of*

---

"(b) Any unused funds remaining in an inmate's trust account at the end of the last business day of the calendar month shall be applied to the inmate's indebtedness. Any changes to this scheduled date will be communicated by Central Trust.

"(2) Each calendar month, Central Trust shall notify each affected inmate through the monthly statement that the Department has applied some or all of the funds received in the prior calendar month to the inmate's indebtedness. The notice shall advise the inmate that he or she may obtain an administrative review of the proposed collection of debt as indicated in section (3) below."

Section (3) specifies the procedures for administrative review for "[a]n inmate who has received a notice of proposed collection of debt." OAR 291-158-0065(3)(a).

[3] We reject petitioner's other constitutional arguments without discussion.

*Corrections*, 315 Or 74, 79, 843 P2d 409 (1992)). Petitioner's assertions that the rules are invalid relate to the way DOC has applied those rules to him. That is, he claims that his due process rights were violated because of specific actions that DOC took (or failed to take) in imposing discipline. To the extent that the challenged rules relate to the administrative procedures that govern restitution orders or the withdrawal of funds from an inmate's trust account,[4] petitioner's claims that those rules violated his due process rights are beyond the scope of our review under ORS 183.400(4)(a).

Petitioner also contends that the challenged rules are beyond the "authority" of DOC because those rules do not require, as a condition for ordering restitution or applying an inmate's funds to a debt, a "Criminal Conviction or a Judgment docketed in the circuit court concerning garnishment proceedings." He argues that ORS 137.106 "requires a criminal conviction for restitution" and that ORS 18.605 "requires a judgment docketed in the circuit court before garnishment proceedings can begin."[5] In petitioner's view,

---

[4] We express no opinion as to whether the particular rules that petitioner challenges here relate to the procedures that are the focus of his complaints, and we otherwise express no opinion about the merits of a facial due process challenge to rules governing those procedures. *See Estes v. Dept. of Corrections*, 210 Or App 399, 402, 150 P3d 1088, *rev den*, 342 Or 523 (2007) (noting that the "challenged rule does not, on its face, provide for a hearing as part of the process of determining whether an inmate was sentenced pursuant to [a sentencing statute]," but reasoning that, "even assuming that an individual would have a due process right to a hearing regarding that determination, nothing in the rule prevents DOC from holding such a hearing"); *see also MacPherson v. DAS*, 340 Or 117, 138-39, 130 P3d 308 (2006) (explaining that, to prevail on facial due process challenge to statute, the plaintiffs were required to show that the statute "affirmatively permits the government to deprive plaintiffs of their property without affording procedural due process").

[5] ORS 137.106 provides, in part:

"If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

ORS 18.605(1)(a) specifies that "[g]arnishment may be used to acquire garnishable property for application against *** [a] judgment requiring the payment of money that has been entered in the register of a circuit court or docketed in the docket of a justice, county or municipal court." As explained in ORS 18.602, "garnishment is the procedure by which a creditor invokes the authority of a circuit court, justice court or municipal court to acquire garnishable property of a debtor."

DOC does "not have the authority to fine or restitute inmates [their] legal property via money on their inmate accounts."

To the extent that petitioner argues that OAR 291-105-0069 and OAR 291-158-0065 "[e]xceed[] the statutory authority of" DOC, ORS 183.400(4)(b), we reject petitioner's argument. Petitioner does not engage with any of the statutes cited as authority for the rules in question. ORS 423.075(5)(d), for example, provides that "[t]he Director of the Department of Corrections shall * * * [p]rovide for the safety of all prisoners in the custody of the department and may adopt rules for the government and administration of the department." And ORS 421.180 explains that, as part of that administration, DOC "by rule shall adopt procedures to be utilized in disciplining persons committed to the physical and legal custody of the department." Without addressing those statutes or any other statutes related to DOC's disciplinary authority, petitioner points to ORS 137.106, which authorizes a trial court to award restitution to victims in criminal cases, and ORS 18.605, which provides that a creditor can invoke the authority of a court to pay a debt that is the result of a judgment. Because those statutes do not limit DOC's authority to discipline inmates, which is described in ORS 421.180 and other statutes, petitioner has not established that the challenged rules are outside the statutory authority given to DOC.

OAR 291-105-0069 and OAR 291-158-0065 held valid.