Submitted March 4, rule held valid April 13, 2022

ROBERT JEROME BYERS,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A174503

510 P3d 286

In this rule challenge under ORS 183.400, petitioner, who is an adult in the custody of the Oregon Department of Corrections (DOC), challenges the validity of portions of OAR 291-131-0035, an administrative rule of the DOC relating to inmate possession of sexually explicit material. *Held*: The Court of Appeals rejected petitioner's contentions that the administrative rule exceeded DOC's authority and was facially invalid.

Rule held valid.

Robert Jerome Byers filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Rule held valid.

**TOOKEY, P. J.**

In this rule challenge under ORS 183.400,[1] petitioner, who is an adult in the custody of the Oregon Department of Corrections (DOC), challenges the validity of portions of OAR 291-131-0035, an administrative rule of the DOC relating to inmate possession of sexually explicit material. We reject each of petitioner's challenges and hold the rule valid.

As challenged here, OAR 291-131-0035 provides:

"The following materials constitute prohibited mail that shall be confiscated or returned to the sender:

"(1)   Sexually Explicit Material:

"(a)   Sexually explicit material that by its nature or content poses a threat or is detrimental to the security, good order or discipline of the facility, inmate rehabilitation, or facilitates criminal activity including but not limited to the following:

"(A)   Individual photographs in which the subject is nude or exposes male or female genitalia, the pubic area, anus, or female areola.

"(B)   Freestanding nude or partially nude images that include clippings from newspapers and magazines, photocopies, electronic images, printed web pages, drawings, photographs, and other media. Such images, whether human or anime (cartoon), may not include nude subjects, or depict or display male or female genitalia, the pubic area, anus, or female areola."

The rule also provides that "[s]exually explicit material may be admitted if it has scholarly value, or general social or literary value." OAR 291-131-0035(1)(e).

Petitioner contends that those subparagraphs of the rule exceed DOC's authority under ORS 137.281, providing that, during a term of incarceration, an adult in custody is deprived of the right to hold public office, to hold a position of private trust, to act as a juror, or to exercise the right to vote, and ORS 137.285, stating that DOC has the authority

---

[1] OAR 18.400 provides: "The validity of any rule may be determined upon a petition by any person to the Court of Appeals * * *. The court shall have jurisdiction to review the validity of the rule[.]"

to regulate the manner in which all rights retained by an adult in custody may be exercised as reasonably necessary to control the conduct and conditions of confinement.

We reject the contention. Under ORS 423.020(1)(d), DOC has authority to "provide adequate *** security for persons confined" in prisons. Under, ORS 423.075(5)(d), DOC has authority to "[p]rovide for the safety of all prisoners in the custody of [DOC] and may adopt rules for the government and administration of [DOC]." We conclude that the prohibition in OAR 291-131-0035 of sexually explicit material that, "by its nature," threatens the security and health of adults in the custody of DOC facilities is consistent with those obligations and does not conflict with either ORS 137.281 or ORS 137.285.

Petitioner contends that OAR 291-131-0035 is facially invalid under Article I, section 8, of the Oregon Constitution.[2] We rejected that contention in *Wilson v. Dept. of Corrections*, 259 Or App 554, 314 P3d 994 (2013) (holding rule facially valid as not unconstitutional under Article I, section 8, of the Oregon Constitution).

Petitioner also argues that the challenged subparagraphs of OAR 291-131-0035 violate inmates' "rights to political association and *** freedoms of and to the press" under Article I, section 8, when DOC employees "restrict periodicals that are deemed 'sexually explicit' but they have a scholarly, or general social or literary value." Petitioner raises a similar argument under Article I, section 21, and the Fourteenth Amendment, asserting that the exception in the rule for sexually explicit materials that have scholarly, general social, or literary value is used by DOC employees to ban "anything I don't want you to have." We understand petitioner's challenges to be to the rule as applied; as such, they are not subject to review under ORS 183.400. *See AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992) (explaining that "the legality of any

---

[2]  Article I, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

particular application of the rules is premature, and not subject to review under ORS 183.400").

Petitioner correctly notes that the Supreme Court has held that, to prevail on a facial vagueness challenge, a defendant must demonstrate that the statute "is unconstitutionally vague in all of its possible applications." *State v. Chakerian*, 325 Or 370, 381, 938 P2d 756 (1997). If and to the extent that petitioner's brief can be understood to raise a facial vagueness challenge because the rule is unconstitutionally vague in all of its possible applications, or because it gives DOC employees' unguided discretion to sensor sexually explicit material, the argument is not sufficiently developed, and we decline to address it.

Finally, petitioner appears to contend that the policy underlying OAR 291-131-0035 is irrational. That is not an argument that is within the scope of an ORS 183.400 rule challenge. *Smith v. Dept. of Corrections*, 219 Or App 192, 197, 182 P3d 250 (2008), *rev den*, 345 Or 690, *cert den*, 557 US 923 (2009) (rejecting similar argument for the reason that challenges to the necessity and rationale for OAR 291-131-0035 are not within the scope of review under ORS 183.400).

For all of the above reasons, we reject petitioner's challenges to OAR 291-131-0035.

Rule held valid.