No. 525 June 4, 2025 211

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SIRGIORGIO SANFORD CLARDY,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A181462

Submitted on May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for petitioner. Sir Giorgio Sanford Clardy filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner is an adult in custody who was sentenced as a dangerous offender to serve 300 months with a mandatory minimum of 75 months on multiple felony counts. Petitioner assigns error to the Board of Parole and Post-Prison Supervision's (the board) order denying him release and deferring parole consideration for two years. He argues that the board applied improper standards to the determination of whether he was eligible for release, and that the board's determinations are unsupported by substantial evidence resulting in a final order that lacked substantial reason. The board argues that it applied the proper standards to the release determination according to our prior decisions, and that its factual findings were based upon substantial evidence in the record. We affirm.

We review a board order "for legal error, substantial evidence, and substantial reason." *Bell v. Board of Parole*, 283 Or App 711, 713, 391 P3d 907, *rev den*, 361 Or 645 (2017). First, we address petitioner's argument that the board applied the wrong standard. When a person is sentenced as a dangerous offender, the trial court has made a finding that the person was suffering from a severe personality disorder that predisposed them to commit crimes that seriously endangered the life or safety of another. We have previously determined, in a case not materially distinguishable from this one, that the test the board applied, including whether petitioner still suffered from a mental disorder that predisposed him to commit any crime, is appropriate. *Guzek v. Board of Parole*, 325 Or App 795, 804, 530 P3d 510, *rev den*, 371 Or 476 (2023). Similar to that case, we have considered the record, and determine that the board's intermediate determinations that petitioner lacked remorse for the victims, failed to engage in mental health treatment, and resisted being supervised as a sex offender, are amply supported by evidence in the record, and petitioner's own statements to the board—quoted in the board's letter of deferral—reinforce our determination that the board considered the appropriate standard in denying release and deferring the next parole consideration hearing.

We also find the psychologist's finding that petitioner is currently suffering from antisocial personality

disorder to be adequately supported by a preponderance of evidence in the record, despite problems associated with the Personality Assessment Inventory test. The board's duty at the parole consideration hearing is to determine whether petitioner has shown by a preponderance of the evidence that he is no longer dangerous at the time of the parole consideration hearing. *Davis v. Board of Parole*, 341 Or 442, 448, 144 P3d 931 (2006). Here, the board adequately connected its reasons for denial to evidence in the record, and it did not err.

Affirmed.