No. 630 July 9, 2025 831

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JESSE JAMES HARRIS,
*Plaintiff-Appellant,*

*v.*

Amber SUNDQUIST,
Superintendent,
Deer Ridge Correctional Institution,
*Defendant-Respondent.*
Jefferson County Circuit Court
22CV14244; A182454

Lorenzo A. Mejia, Senior Judge.

Submitted June 4, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals the denial of his habeas corpus petition that sought relief under Article I, sections 13 and 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution, based on his allegations that the Oregon Department of Corrections (DOC) was deliberately indifferent to his serious medical needs and subjected him to unnecessary rigor when it failed to have him evaluated for an insulin pump to control his diabetes. We affirm.

We review the denial of habeas relief for errors of law. *Barrett v. Peters*, 360 Or 445, 449-52, 383 P3d 813 (2016).

To establish a claim for deliberate indifference under Article I, section 16, and the Eighth Amendment, a plaintiff must demonstrate "that [he or she] has a serious medical need that has not been treated in a timely and proper manner and that prison officials have been deliberately indifferent to the prisoner's serious medical needs." *Billings v. Gates*, 323 Or 167, 181, 916 P2d 291 (1996). To establish a claim for unnecessary rigor under Article I, section 13, a plaintiff must establish that "a police or prison practice constitutes (1) a cognizable indignity and (2) lacks necessity." *Lawson v. Cain*, 323 Or App 730, 738, 524 P3d 529, *rev den*, 371 Or 106 (2023).

There is no dispute that plaintiff's diabetes constitutes a serious medical need that has had significant consequences to plaintiff's health. However, at trial, plaintiff testified that in the six months prior to trial his diabetes was "a lot better" due to defendant adjusting his insulin dosage, that the individualized treatment program developed with his doctors "works fairly well," and he agreed that "as long as this program * * * is maintained" he was "confident" that he would have "adequate" medical treatment. Moreover, although there was expert testimony that insulin pumps were "the best" treatment available and the community standard of care was to evaluate a person for an insulin pump, there was also expert testimony that "not everybody can manage an insulin pump" and that plaintiff was not a

good candidate for one because of his lifestyle and dietary choices.

On that record, plaintiff did not meet his burden to demonstrate that any constitutional violations that arose from DOC's treatment of his diabetes were current at the time of the trial as required to sustain a claim for deliberate indifference. *See Woodroffe v. Nooth*, 257 Or App 704, 711, 308 P3d 225, *rev den*, 354 Or 491 (2013) (explaining that "*past* deliberate indifference is insufficient to support habeas relief" because "the proper temporal benchmark for assessing deliberate indifference is *at the time that the habeas claim is adjudicated*" (emphases in original)). Nor did plaintiff meet his burden to demonstrate that DOC's treatment of his diabetes constituted a cognizable indignity, as required for a claim for unnecessary rigor. *See Smith v. Dept. of Corrections*, 219 Or App 192, 198, 182 P3d 250 (2008), *rev den*, 345 Or 690 (2009) (explaining that, to establish a violation of Article I, section 13, "an inmate must show that the practice would be recognized as an abuse to the extent that it cannot be justified by necessity" (internal quotation marks omitted)).

Affirmed.