Submitted on remand from the Oregon Supreme Court July 19, affirmed
October 10, 1990

Duncan C. FELLER,
*Appellant,*

*v.*

R. L. WRIGHT,
*Respondent.*

(CV88-718; CA A60277)

798 P2d 703

Kurt C. Bendixsen and Garry L. Reynolds, P.C., Hermiston, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Wendy J. Paris, Assistant Attorney General, Salem, for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this *habeas corpus* proceeding, we reversed the trial court's judgment of dismissal after it had granted defendant's ORCP 21A motion to dismiss. We did so because of the Supreme Court's admonition in *Bedell v. Schiedler,* 307 Or 560, 562, 770 P2d 909 P2d (1989), that "any motion practice other than an ORS 34.680 motion to strike is inappropriate in *habeas corpus* actions * * *."

While this case was pending in the Supreme Court, that court decided in *Lane v. Maass,* 309 Or 671, 790 P2d 1137 (1990), that a motion to dismiss pursuant to ORCP 21A is the functional equivalent of a pre-ORCP demurrer and is, therefore, appropriate in *habeas corpus* actions to test the legal sufficiency of a plaintiff's allegations to support a right to *habeas corpus* relief. It disapproved, as inaccurate, the contrary language in *Bedell* on which we had relied. Thereafter, the court remanded this case to us for reconsideration in the light of *Lane v. Maass, supra.*

Plaintiff's replication alleges that he was assaulted on one occasion by prison guards when he was subdued incident to his being placed in isolation and that he fears that he might be assaulted by the guards at some time in the future. Those facts are not sufficient to support a claim for *habeas corpus* relief. *Penrod/Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978); *Grenfell v. Gladden,* 241 Or 190, 405 P2d 532, *cert den* 382 US 998 (1965). The essence of the relief that plaintiff seeks is that defendant be enjoined to direct the guards not to use excessive physical force against plaintiff without provocation. An injunction would provide plaintiff an adequate remedy. *Keenan v. Peterson,* 307 Or 323, 767 P2d 441 (1989).

Defendant's motion to dismiss was properly granted.

Affirmed.