Argued and submitted April 5, resubmitted In Banc June 9, reversed and remanded
August 25, 1993

# LLOYD SCHAFER,
*Appellant,*

*v.*

# Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(92C11909; CA A77238)

858 P2d 474

Garrett A. Richardson, Portland, argued the cause and
filed the brief for appellant.

Stephanie S. Andrus, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

EDMONDS, J.

## EDMONDS, J.

Petitioner appeals the dismissal of his petition for writ of *habeas corpus*. We review for errors of law, ORS 138.220, and reverse.

Petitioner's petition alleges that he is "unlawfully" imprisoned in the Oregon State Penitentiary and

"the illegality thereof consists of the following: Plaintiff is subjected to cruel and unusual punishment in violation of the 8th and 14th Amendment to the United States Constitution and Article 4, section 16 of the Oregon Constitution. Accordingly is being subjected to undue rigor in violation of Article I, section 13 of the Oregon Constitution *in that plaintiff is being subjected to ongoing and periodical assaults* by Defendant's prison Guards[,] specifically Lt. Brown, Sgt. Thaiman and within the Intensive Management Unit at Oregon State Penitentiary."

The trial judge ruled that the petition does not meet the minimum requirements to invoke *habeas corpus* jurisdiction and therefore dismissed it. Petitioner argues that his allegation that the assaults on him are "ongoing and periodical" by named individuals in the Intensive Management Unit of the penitentiary is sufficient to meet the requirements of ORS 34.362. Defendant argues that the petition does not contain all of the statutory requirements necessary to invoke *habeas corpus* jurisdiction.

ORS 34.362 says that the contents of a petition for *habeas corpus* shall:

"(1)   Comply with requirements of ORS 34.360(1), (3), (4) and (5); and

"(2)   State facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff."

ORS 34.360 provides, in part:

"If the challenge is to the authority for confinement, the petition shall state, in substance:

"(1)   That the party in whose behalf the writ is petitioned is imprisoned or restrained of liberty, the place where, and officer or person by whom the party is imprisoned or

restrained, naming both parties if their names are known, or describing them if not known.

"* * * * *

"(3)   The cause or pretense of the imprisonment or restraint, according to the best knowledge or belief of the petitioner.

"(4)   If the original imprisonment or restraint is by virtue of any order, warrant or process, a copy thereof shall be annexed to the petition, or it must be alleged that, by reason of the removal or concealment of the party before the application, a demand of such copy could not be made, or that the demand was made, and the legal fees therefor tendered to the person having the party in custody, and that a copy was refused.

"(5)   That the claim has not already been adjudged upon a prior writ of habeas corpus, to the knowledge or belief of the petitioner."

The petition alleges all of the requirements of ORS 34.360(1), (3), (4) and (5). The only conceivable basis for the trial court's ruling must be that it determined that the petition did not plead sufficient facts to allege a deprivation of a constitutional right or the lack of a timely remedy under ORS 34.362(2).

Article I, section 13 provides: "No person arrested, or confined in jail, shall be treated with unnecessary rigor." In *Sterling v. Cupp*, 290 Or 611, 625 P2d 123 (1981), the Supreme Court considered the scope of section 13. It said:

"The guarantee against 'unnecessary rigor' is not directed specifically at methods or conditions of 'punishment,' which are the focus of article I, sections 15 and 16, as section 13 extends to anyone who is arrested or jailed; nor is it a standard confined only to such historically 'rigorous' practices as shackles, the ball and chain, or to *physically brutal treatment* or conditions, *though these are the most obvious examples*. Thus the Indiana Supreme Court wrote, in sustaining a conviction of police officers for assault and battery on a prisoner:

'The law protects persons charged with crime from ill or unjust treatment at all times. Only reasonable and necessary force may be used in making an arrest, . . . "no person arrested, or confined in jail, shall be treated with unnecessary rigor," section 15, art. I, Const. . . . "While

the law protects the police officer in the proper discharge of his duties, it must at the same time just as effectively protect the individual *from the abuse of the police.*" U. S. v. Pabalan (1917) 37 Philippine 352, 354.'

"*Bonahoon v. State*, 203 Ind 51, 178 NE 570, 571, 79 ALR 453, 456 (1931). 'Unnecessary rigor' is not to be equated *only with beatings or other forms of brutality.* Thus Georgia's phrasing of the constitutional clause, *supra* note 15, is simply that prisoners shall not 'be abused.' Since it is 'unnecessary' rigor that is proscribed, *the first question under this clause is whether a particular prison or police practice would be recognized as an abuse to the extent that it cannot be justified by necessity.*" 290 Or at 619-20. (Emphasis supplied; footnote omitted.)

Clearly, the allegation that "plaintiff is being subjected to ongoing and periodical assaults" by named defendants in the Intensive Management Unit at the Oregon State Penitentiary, alleges conduct that, if true, "would be recognized as an abuse to the extent that it cannot be justified by necessity." We hold that petitioner has alleged a deprivation of section 13.

The remaining issue is whether the allegations in the petition allege a claim that "requires immediate judicial attention for which no other timely remedy is practically available to the plaintiff." ORS 34.262(2). In *Bedell v. Schiedler*, 307 Or 562, 770 P2d 909 (1989), the Supreme Court held that alternative civil remedies were not reasonably available when the alleged failure of the defendant to provide adequate ventilation and circulation of clean air caused the petitioner to suffer clogged sinuses, severe headaches, dry and irritated skin and a sore throat. It said that the conditions created a danger to plaintiff's health that was serious and immediate. In *Moore v. Peterson*, 91 Or App 616, 756 P2d 1261 (1988), we held that evidence that petitioner suffered from heart disease and chest pain and that prison physicians had failed to set up appointments for further diagnosis or treatment created genuine issues of material fact that precluded resolution by summary judgment. We reasoned that the institution's refusal to procure diagnosis and treatment created a serious ongoing health hazard that required immediate judicial scrutiny.

Similarly, in *Fox v. Zenon*, 106 Or App 37, 806 P2d 166 (1991), we held that a prisoner's allegations that he was suffering from a mental illness and severe depression which had led to numerous suicide attempts, and that he was being denied psychological care, stated a cognizable claim because there was no other timely remedy available. These precedents illustrate that petitioner's allegation that he incurs "ongoing and periodic assaults" is the kind of claim that alleges a hazard to health that requires immediate judicial scrutiny.

Our decision in *Feller v. Wright*, 103 Or App 575, 798 P2d 703 (1990), is not to the contrary. There, the petitioner's replication alleged that he was assaulted on one occasion by prison guards when he was subdued while being placed in isolation, and that he feared that he could be assaulted by the guards at some time in the future. We said:

> "[T]he essence of the relief that plaintiff seeks is that defendant be enjoined to direct the guards not to use excessive physical force against plaintiff without provocation. An injunction would provide plaintiff an adequate remedy." 103 Or App at 577.

Here, an injunction will not provide petitioner a "timely" remedy that is "practically available" because his allegation is that the assaults are "ongoing." That allegation is different than an allegation that he could be harmed by conduct in the future which can be remedied by injunctive relief. It is an allegation of present harm. To deny relief under such an allegation on the basis of a lack of need for immediate judicial scrutiny would be inconsistent with the very nature of *habeas corpus* relief.

■■ In summary, the allegation that petitioner is being subjected to "ongoing and periodical assaults" is an allegation that he is being deprived of the constitutional right to be free from unnecessary physical abuse. It is in the replication where he will be required to controvert any of the material facts alleged in the respondent's return or allege facts with more particularity.[1] *Bedell v. Schiedler, supra*, 307 Or at 567.

---

[1] When the writ is issued, the petition ordinarily ceases to have any function and is not considered part of the plaintiff's pleadings unless it is incorporated into the plaintiff's replication. The return to the writ is the respondent's principal pleading. Once a return has been filed, then the replication to the return becomes the petitioner's principal pleading. *See Bedell v. Schiedler, supra*, 307 Or at 566-67.

As a result of the trial court's ruling dismissing the petition before the filing of a return, petitioner never had the opportunity to file a replication. For the reasons expressed above, that ruling was err.

Reversed and remanded.